# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00962-JMB |
| | ) | |
| WEINGART ASSOCIATION – SCHRADER, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Cedric Greene's Application to Proceed in District Court Without Prepaying Fees and Costs. Based on the financial information provided in the application, the Court finds that Plaintiff is unable to pay the filing fee. The Court grants the application and waives the filing fee. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, this case will be dismissed for improper venue. *See* 28 U.S.C. §§ 1391(b), 1406(a).

## Background

Based on a search of Court records, Plaintiff has filed a total of 38 cases in this Court since March, 2025. At least 27 of Plaintiff's cases have already been dismissed for lack of subject matter jurisdiction or improper venue. In addition, several other federal courts have already imposed filing restrictions on Plaintiff. *See Greene v. Sprint Nextel Corp.*, 750 Fed. App'x 661, 666 & n.3 (10th Cir. 2018)

(noting filing restrictions imposed on Plaintiff in the Ninth and Tenth Circuits and federal district courts in Kansas, Utah, California, and Nevada). In January 2024, the United States Court of Federal Claims estimated that Plaintiff had filed more than three hundred cases in federal courts throughout the country. *See Greene v. U.S.*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).

## The Complaint

Plaintiff brings this case under this Court's diversity jurisdiction, although he and the Defendant are both citizens of California. Plaintiff states that on June 26, 2025, at Defendant's homeless center in Los Angeles, another resident caused a disturbance by punching the walls of his cubicle. One of these cubicle walls was a shared wall with Plaintiff, and the disturbance woke Plaintiff from sleep. The resident also threatened to fight Plaintiff. Security at the facility asked the resident to vacate the premises and he began throwing objects from outside the security gate. Plaintiff states that he "assumed that Weingart Schrader would have taken some sort of action, but instead, they made the choice to have the disruptive client on the premises." For relief, Plaintiff states that he will demand monetary damages at a later date.

**Discussion**

Plaintiff has not established that venue is proper in this Court. Defendant is a homeless shelter in Los Angeles, California and the events complained of occurred in California. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which any action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. Under these venue provisions, venue is proper only in California.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the district court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district in which it could have been brought. Because of Plaintiff's history of vexatious litigation, the Court finds it is not in the interest of justice to transfer this case. The Court will dismiss this case for improper venue.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** for lack of proper venue.  *See* 28 U.S.C. §§ 1391, 1406(a).

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 1st day of July, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE
